<u>**PROPOSED JURY INSTRUCTION NO. __**</u>

Members of the Jury Panel, we are about to begin the process of selecting which of you will be the jury that tries this case. In that process you will be asked questions by me or by the attorneys or by both that touch on your qualifications to sit as jurors in this case. You will be placed under oath or asked to affirm that you will truthfully and completely answer these questions put to you.

Your undivided attention to this process is very important. So, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; please power it down or off. During this jury selection process, you must leave it off. (Pause for thirty seconds to allow them to comply, then tell them the following:)

During this jury selection process and during the trial, it is important that all the information you receive about the case comes from the courtroom. So, from now on until you are discharged from the case you may not discuss this case with anyone and that includes the other potential jurors, except during deliberations if you are selected as a juror. However, you may tell your family, close friends, and other people about your participation in this trial, but only so they will know when you are required to be in court. If you do that, please warn them not to ask you about this case or try to tell you anything they know or think they know about it, or discuss this case in your presence.

Also, just as importantly, you must not communicate any information at all about the case to anyone by any means, directly or indirectly, in face-to-face conversation or by any digital media.

If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by the opinions of people other than the other jurors. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence in court and the law the court gives you.

It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you during the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of court and punished accordingly.

Those of you who are selected to try this case will receive similar instructions as we go through the trial.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial? (Then continue with voir dire.)

8th Circuit Civil Jury Instructions § 1.01 (2021)

## PROPOSED JURY INSTRUCTION NO. ___

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you.

Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial.

Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, its general subject matter, or the law.

You must keep your mind open and free of outside information.  Only in this way will you be able to decide the case fairly, based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I might not repeat these things to you before every recess, but keep them in mind until you are discharged.

8th Circuit Civil Jury Instructions § 1.02 (2021)

## PROPOSED JURY INSTRUCTION NO. __

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions — those I give you now and those I give you later — whether they are in writing or given to you orally — are equally important and you must follow them all.

You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You must give them to the bailiff for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

This is a civil case brought by Plaintiffs Pinebrook Holdings, LLC, PH Financial Services, LLC, Danridge Holdings, LLC, St. Louis Financial Group, LLC, West Coast Premier Financial, LLC, Los Angeles Financial Group, LLC, Louisiana Financial Group, LLC, California Financial Group, LLC, Pacific Cash Advance, LLC, and Flexible Finance of Wisconsin, LLC against Defendants Aaron Narup, Stephen Reuter, Christine Reuter, American Credit Services, LLC, American Credit Services Management, LLC, American Credit Services Management II, LLC, and RN Financial, LLC. In this case, Plaintiffs are alleging Defendants violated trade secrets laws, breached their duty of loyalty to Plaintiffs, breached contractual obligations to Plaintiffs, interfered with contracts of Plaintiffs, and conspired to misappropriate trade secrets, breach their duty of loyalty, breach their contracts, and interfere with contracts of Plaintiffs. It will be your duty to decide from the evidence whether the Plaintiffs are entitled to verdicts against the Defendants.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

8th Circuit Civil Jury Instructions § 1.03 (2021)

## **PROPOSED JURY INSTRUCTION NO. __**

When I use the word "evidence," I mean the testimony of witnesses, documents and other things I receive as exhibits, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right — and sometimes a duty — to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections.

If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

8th Circuit Civil Jury Instructions §1.04 (2021)

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

8th Circuit Civil Jury Instructions § 1.05 (2021)

## PROPOSED JURY INSTRUCTION NO. __

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you must pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what the witnesses say. If you take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them in the courtroom.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

8th Circuit Civil Jury Instructions § 1.06 (2021)

## <u>PROPOSED JURY INSTRUCTION NO. ___</u>

Jurors, to make sure this trial is fair to all parties, you must follow these rules:

***First,*** do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

***Second,*** do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

***Third,*** when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the bailiff.

***Fourth,*** during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case — not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side — even if it is just about the weather — that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, please understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

***Fifth,*** you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court. But you must warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. Remember: You must not communicate with anyone in any manner about anything or anyone, including the court, related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.

During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

*Sixth,* do not do any research or investigate the case facts or the law on the Internet, in libraries, newspapers, dictionaries or otherwise. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial before an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

8th Circuit Civil Jury Instructions § 1.08 (2021)

## **PROPOSED JURY INSTRUCTION NO. __**

The trial will proceed in the following manner:

***First,*** the Plaintiffs' lawyer may make an opening statement. Next, the Defendants' lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the Plaintiffs will then present evidence. The Defendants' lawyer will have a chance to cross-examine the Plaintiffs' witnesses. After the Plaintiffs have finished presenting their case, the Defendants may present evidence, and the Plaintiffs' lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. Before the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

8th Circuit Civil Jury Instructions § 1.09 (2021)

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

8th Circuit Civil Jury Instructions § 2.01 (2021)

## PROPOSED JURY INSTRUCTION NO. ___

The Plaintiffs and the Defendants have stipulated — that is, they have agreed — that the following facts are true. You must, therefore, treat those facts as having been proved.

1.     St. Louis Financial Group, LLC, West Coast Premier Financial, LLC, Los Angeles Financial Group, LLC, Louisiana Financial Group, LLC, California Financial Group, LLC, Pacific Cash Advance, LLC, and Flexible Finance of Wisconsin, LLC offer services to customers via 36 brick-and-mortar locations ("Loan Stores") in six states.

2.     PH Financial Services, LLC ("PHFS") exists to provide management services such as human resources services, accounting services, payroll services, and information technology services, including loan management software to the Loan Stores, which in turn provide financial services to customers in the short-term loan industry.

3.     Plaintiff Danridge Holdings, LLC offers services to customers via the internet in seven states.

4.     PHFS does not directly make loans of any type to customers.

5.     PHFS requires employees to sign an agreement pursuant to which they agree to maintain the confidentiality of PHFS's Confidential Information, as that phrase is defined in the agreement, and further to not use that information outside their employment with PHFS. The agreement also requires employees to acknowledge that there are federal and state laws that prohibit improper use of customer personal financial information and that protect trade secrets.

6.     Defendant Aaron Narup ("Narup") and Defendant Stephen Reuter ("Reuter") were W-2 employees of PHFS until October 5, 2018 and November 2, 2018, respectively.

7.     During his employment with PHFS, Defendant Reuter held numerous positions. At the time of his termination from employment, he held the positions of Store Maintenance Manager and Title Loan Specialist and had responsibility for marketing, selling, and collecting on financial products sold by the Loan Stores.

8.     Non-party SJR Financial Services, which was owned by Reuter, purchased Defendant American Credit Services ("ACS") on December 31, 2013 from Pinebrook Holding's owner.

9.     ACS entered into a management services agreement ("Management Agreement") with PHFS January 1, 2014, under which ACS paid a monthly management fee in exchange for

management services such as bookkeeping, IT services, human resources, marketing, and legal support. ACS also agreed to reimburse PHFS for all out-of-pocket expenses PHFS incurred on ACS's behalf.

10.      On May 8, 2018, Brian Stoltz, Chief Operating Officer of PHFS, sent an email to Narup requesting an update on the progress of converting Store 26 to QFund10. Narup responded, advising he could not provide an update. As a result, Stoltz directed Narup to email Virinchi and ask for an update. Virinchi replied and informed Stoltz that they were setting up "the instance locally and configuring the product for NM."

11.      On September 4, 2018, Reuter signed a lease for American Credit Services Management II, LLC's ("ACSM-II") new store, Store 37.

12.      On September 20, 2018, Narup submitted his resignation letter to PHFS, stating that his last day of employment would be October 5, 2018.

13.      On November 2, 2018, PHFS terminated Reuter's employment.

8th Circuit Civil Jury Instructions § 2.03 (2021)

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect.  Now I am going to give you some additional instructions.

You have to follow all of my instructions — the ones  I gave you earlier, as well as those I give you now.  Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of during the trial.

You will have copies of some of the instructions with you in the jury room; others you will not have copies of.  This does not mean some  instructions are more  important  than others. Remember, you have to follow all  instructions, no matter when I give them, whether or not you have written copies.

8th Circuit Civil Jury Instructions § 3.01 (2021)

## **PROPOSED JURY INSTRUCTION NO. __**

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

During this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked.

8th Circuit Civil Jury Instructions § 3.02 (2021)

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.

8th Circuit Civil Jury Instructions § 3.03 (2021)

## PROPOSED JURY INSTRUCTION NO. __

You must decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

There is a different burden of proof that applies only to punitive damages. A party seeking to recover punitive damages has the burden to cause you to believe that the evidence has clearly and convincingly established the facts necessary to recover punitive damages.

Clear and convincing evidence is evidence that instantly tilts the scales in favor of the claim sought to be proved when weighed against the evidence in opposition and that clearly convinces you that the evidence is true.

8ᵀᴴ Circuit Civil Jury Instructions § 3.04 (2021); Mo. Rev. Stat. § 510.261.

*Eldridge v. Sullivan*, 980 F.2d 499, 500 (8th Cir. 1992)

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

**First,** you will select a foreperson. That person will preside over your discussions and speak for you here in court.

**Second,** your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges — judges of the facts. Your only job is to study the evidence and decide what is true.

**Third,** during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

**Fourth,** as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

**Fifth,** if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the bailiff and I will answer you as soon as I can,

either in writing or here in court. While you are deliberating, do not tell anyone — including me — how many jurors are voting for any side.

**Sixth,** nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. The forms in this case read: You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and tell the bailiff that you are ready to return to the courtroom.

8th Circuit Civil Jury Instructions § 3.07 (2021)

# Breach of Duty of Loyalty

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

Instructions _____ through _____ and general instructions _____ through _____ apply to the claim of PH Financial Services, LLC against Defendant Aaron Narup for a breach of his duty of loyalty under Missouri law.  Use Verdict __ to return your verdict on this claim.

MAI 2.05

## PROPOSED JURY INSTRUCTION NO. __

Your verdict must be for Plaintiff PH Financial Services, LLC if you believe:

***First,*** while Defendant Aaron Narup was employed by Plaintiff, he diverted Plaintiff's planned QFund 10 software upgrade to Store 36 or Store 37 and stopped the implementation of the QFund 10 software upgrade to other stores managed by Plaintiff, he devoted time while being paid as an employee of Plaintiff to planning and preparing for the opening of Store 37, he devoted time while being paid as an employee of Plaintiff to the management and operation of Store 36 beyond the services to be provided to Store 36 by Plaintiff under its Management Agreement, or he used Plaintiff's resources for the benefit of Store 36 or Store 37, and

***Second,*** Defendant Narup thereby went beyond mere planning and preparation and acted in direct competition with Plaintiff, and

***Third,*** as a direct result of such conduct, Plaintiff sustained damage.

MAI 23.14 [2006 New] Employee's Breach of Duty of Loyalty

## <u>PROPOSED JURY INSTRUCTION NO. ___</u>

If you find that Plaintiff sustained damages as a result of Defendant Narup's breach of his duty of loyalty to Plaintiff, you must consider whether Plaintiff did not mitigate its damages by failing to exercise reasonable diligence under the circumstances to minimize its damages or failing to seek out or take advantage of an opportunity that was reasonably available to it.

If you believe that Plaintiff failed to take reasonable measures to resume the implementation of the QFund 10 upgrade at the stores managed by Plaintiff upon learning that Defendant had stopped the implementation of the upgrade at those stores managed by Plaintiff, and as a result, Plaintiff thereby sustained damages which would not have occurred otherwise, then any award of damages in favor of Plaintiff must be reduced by the amount of damages that could have been avoided if Plaintiff had taken reasonable measures to mitigate its damages.

MAI 32.29

### PROPOSED JURY INSTRUCTION NO. __

If you find the issues in favor of PH Financial Services, LLC on its breach of duty of loyalty claim, and if you believe by clear and convincing evidence the conduct of Defendant Narup as submitted in Instruction Number __ was outrageous because of Defendant's evil motive or reckless indifference to the rights of others, then in addition to any damages to which you find Plaintiff is entitled under Instruction Number __, you may find that Plaintiff is entitled to an additional amount as punitive damages in order to punish Defendant and to deter Defendant and others from like conduct.

Mo. Rev. Stat. § 510.261.

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

Instructions _____ through _____ and general instructions _____ through _____ apply to the claim of PH Financial Services, LLC against Defendant Stephen Reuter for a breach of his duty of loyalty under Missouri law.  Use Verdict __ to return your verdict on this claim.

MAI 2.05

## PROPOSED JURY INSTRUCTION NO. ___

Your verdict must be for Plaintiff PH Financial Services, LLC if you believe:

**First,** while Defendant Stephen Reuter was employed by Plaintiff, he diverted Plaintiff's planned QFund 10 software upgrade to Store 36 or Store 37 and stopped the implementation of the QFund 10 software upgrade to other stores managed by Plaintiff, he devoted time while being paid as an employee of Plaintiff to planning and preparing for the opening of Store 37, he devoted time while being paid as an employee of Plaintiff to the management and operation of Store 36 beyond the services to be provided to Store 36 by Plaintiff under its Management Agreement, or he used Plaintiff's resources for the benefit of Store 36 or Store 37, and

**Second,** Defendant Stephen Reuter thereby went beyond mere planning and preparation and acted in direct competition with Plaintiff, and

**Third,** as a direct result of such conduct, Plaintiff sustained damage.

MAI 23.14 [2006 New] Employee's Breach of Duty of Loyalty

**<u>PROPOSED JURY INSTRUCTION NO. \_\_\_\_</u>**

  If you find that Plaintiff sustained damages as a result of Defendant Reuter's breach of his duty of loyalty to Plaintiff, you must consider whether Plaintiff did not mitigate its damages by failing to exercise reasonable diligence under the circumstances to minimize its damages or failing to seek out or take advantage of an opportunity that was reasonably available to it.

  If you believe that Plaintiff failed to take reasonable measures to resume the implementation of the QFund 10 upgrade at the stores managed by Plaintiff upon learning that Defendant had stopped the implementation of the upgrade at those stores managed by Plaintiff, and as a result, Plaintiff thereby sustained damages which would not have occurred otherwise, then any award of damages in favor of Plaintiff must be reduced by the amount of damages that could have been avoided if Plaintiff had taken reasonable measures to mitigate its damages.

MAI 32.29

## **PROPOSED JURY INSTRUCTION NO. __**

If you find the issues in favor of PH Financial Services, LLC on its breach of duty of loyalty claim, and if you believe by clear and convincing evidence the conduct of Defendant Stephen Reuter as submitted in Instruction Number __ was outrageous because of Defendant's evil motive or reckless indifference to the rights of others, then in addition to any damages to which you find Plaintiff is entitled under Instruction Number __, you may find that Plaintiff is entitled to an additional amount as punitive damages in order to punish Defendant and to deter Defendant and others from like conduct.

Mo. Rev. Stat. § 510.261.

# Breach of Contract

## **<u>PROPOSED JURY INSTRUCTION NO. __</u>**

Instructions _____ through _____ and general instructions _____ through _____ apply to the claim of Plaintiff PH Financial Services, LLC against Defendant Aaron Narup for breach of contract.  Use Verdict __ to return your verdict on this claim.

MAI 2.05

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

Your verdict must be for Plaintiff PH Financial Services, LLC if you believe:

*First,* a contract existed between Plaintiff and Aaron Narup in which Plaintiff agreed to continue to employ Defendant Narup, and Defendant Narup agreed to hold Plaintiff's confidential information in the strictest confidence, agreed not to disclose, duplicate, or use for himself or any other person or entity Plaintiff's confidential information without Plaintiff's consent, and agreed not to keep any of Plaintiff's confidential information on any electronic device except an electronic device that is the Plaintiff's property and kept at an office of the Plaintiff, and

*Second,* Plaintiff performed its obligations under the agreement, and

*Third,* Defendant Aaron Narup failed to perform one or more of his obligations under the agreement, and

*Fourth,* Plaintiff was thereby damaged.

MAI 26.06 [1981 Revision] Breach of Bilateral Contract – Terms and Breach in Issue

**PROPOSED JURY INSTRUCTION NO. ____**

      If you find in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained as a direct result of Defendant Narup's breach of contract. If you find that plaintiff failed to mitigate damages, in determining plaintiff's total damages you must not include those damages that would not have occurred without such failure.

MAI 4.01

## **PROPOSED JURY INSTRUCTION NO. __**

Instructions _____ through _____ and general instructions _____ through _____ apply to the claim of Plaintiff PH Financial Services, LLC against Defendant Stephen Reuter for breach of contract.  Use Verdict __ to return your verdict on this claim.

MAI 2.05

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

Your verdict must be for Plaintiff PH Financial Services, LLC if you believe:

***First,*** a contract existed between Plaintiff and Stephen Reuter in which Plaintiff agreed to continue to employ Defendant Stephen Reuter, and Defendant Stephen Reuter agreed to hold Plaintiff's confidential information in the strictest confidence, agreed not to disclose, duplicate, or use for himself or any other person or entity Plaintiff's confidential information without Plaintiff's consent, and agreed not to keep any of Plaintiff's confidential information on any electronic device except an electronic device that is the Plaintiff's property and kept at an office of the Plaintiff, and

***Second,*** Plaintiff performed its obligations under the agreement, and

***Third,*** Defendant Stephen Reuter failed to perform one or more of his obligations under the agreement, and

***Fourth,*** Plaintiff was thereby damaged.

MAI 26.06 [1981 Revision] Breach of Bilateral Contract – Terms and Breach in Issue

Mo. Rev. Stat. § 510.261.

## <u>PROPOSED JURY INSTRUCTION NO. ___</u>

If you find in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained as a direct result of Defendant Stephen Reuter's breach of contract. If you find that plaintiff failed to mitigate damages, in determining plaintiff's total damages you must not include those damages that would not have occurred without such failure.

MAI 4.01

# Tortious Interference with a Contract

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

Instructions _____ through _____ and general instructions _____ through _____ apply to the claim of PH Financial Services, LLC against Defendant Stephen Reuter for tortious interference with a contract.  Use Verdict __ to return your verdict on this claim.

MAI 2.05

## PROPOSED JURY INSTRUCTION NO. __

Your verdict must be for Plaintiff PH Financial Services, LLC if you believe:

**First,** a contract existed between Plaintiff and Aaron Narup in which Plaintiff agreed to continue to employ Defendant Narup, and Defendant Narup agreed to hold Plaintiff's confidential information in the strictest confidence, agreed not to disclose, duplicate, or use for himself or any other person or entity Plaintiff's confidential information without Plaintiff's consent, and agreed not to keep any of Plaintiff's confidential information on any electronic device except an electronic device that is the Plaintiff's property and kept at an office of the Plaintiff, and

**Second,** Defendant Stephen Reuter knew of such contract, and

**Third,** Defendant Stephen Reuter caused Aaron Narup to breach his contract with Plaintiff, and

**Fourth,** Defendant Stephen Reuter did so intentionally and without justification or excuse, and

**Fifth,** Plaintiff was thereby damaged.

MAI 23.11 [1981 Revision] Tortious Interference With Contract with Note on Use 2 addition

## <u>PROPOSED JURY INSTRUCTION NO. ____</u>

If you find in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained as a direct result of Defendant Stephen Reuter's interference with Aaron Narup's contract. If you find that plaintiff failed to mitigate damages, in determining plaintiff's total damages you must not include those damages that would not have occurred without such failure.

MAI 4.01

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

If you find the issues in favor of PH Financial Services on its tortious interference with a contract claim, and if you believe the conduct of Defendant Stephen Reuter as submitted in Instruction Number __ was outrageous because of Defendant's evil motive or reckless indifference to the rights of others, then in addition to any damages to which you find PH Financial Services, LLC is entitled under Instruction Number __, you may find that PH Financial Services, LLC is entitled to an additional amount as punitive damages in order to punish such Defendant and to deter Defendant and others from like conduct.

Mo. Rev. Stat. § 510.261.

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

Instructions _____ through _____ and general instructions _____ through _____ apply to the claim of PH Financial Services, LLC against Defendant Aaron Narup for tortious interference with a contract.  Use Verdict __ to return your verdict on this claim.

MAI 2.05

## PROPOSED JURY INSTRUCTION NO. __

Your verdict must be for Plaintiff PH Financial Services, LLC if you believe:

*First,* a contract existed between Plaintiff and Stephen Reuter in which Plaintiff agreed to continue to employ Defendant Stephen Reuter, and Defendant Stephen Reuter agreed to hold Plaintiff's confidential information in the strictest confidence, agreed not to disclose, duplicate, or use for himself or any other person or entity Plaintiff's confidential information without Plaintiff's consent, and agreed not to keep any of Plaintiff's confidential information on any electronic device except an electronic device that is the Plaintiff's property and kept at an office of the Plaintiff, and

*Second,* Defendant Aaron Narup knew of such contract, and

*Third,* Defendant Aaron Narup caused Stephen Reuter to breach his contract with Plaintiff, and

*Fourth,* Defendant Aaron Narup did so intentionally and without justification or excuse, and

*Fifth,* Plaintiff was thereby damaged.

MAI 23.11 [1981 Revision] Tortious Interference With Contract with Note on Use 2 addition

## <u>PROPOSED JURY INSTRUCTION NO. ___</u>

If you find in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained as a direct result of Defendant Aaron Narup's interference with Stephen Reuter's contract. If you find that plaintiff failed to mitigate damages, in determining plaintiff's total damages you must not include those damages that would not have occurred without such failure.

MAI 4.01

### **PROPOSED JURY INSTRUCTION NO. __**

If you find the issues in favor of PH Financial Services on its tortious interference with a contract claim, and if you believe the conduct of Defendant Aaron Narup as submitted in Instruction Number __ was outrageous because of Defendant's evil motive or reckless indifference to the rights of others, then in addition to any damages to which you find PH Financial Services, LLC is entitled under Instruction Number __, you may find that PH Financial Services, LLC is entitled to an additional amount as punitive damages in order to punish such Defendant and to deter Defendant and others from like conduct.

Mo. Rev. Stat. § 510.261.

# Unjust Enrichment

## <u>PROPOSED JURY INSTRUCTION NO. ___</u>

Instructions ____ through ____, and General Instructions ____ through ____ apply to the claim of Plaintiff PH Financial Services, LLC against Defendants Aaron Narup, Stephen Reuter, Christine Reuter, American Credit Services, LLC, American Credit Services Management, LLC, American Credit Services Management II, LLC, and RN Financial, LLC for unjust enrichment under Missouri law.  Use Verdict __ to return your verdict on this claim.

MAI 2.05

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

Your verdict must be for Plaintiff and against Defendant Aaron Narup on the claim of unjust enrichment if you believe:

***First,*** Plaintiff conferred a benefit on Defendant Aaron Narup by giving Defendant Aaron Narup access to its customized QFund software, access to its QFund 10 upgrade, and access to its Business Plan and Model; and

***Second,*** Defendant Aaron Narup acknowledged or recognized that a benefit was conferred; and

***Third,*** Defendant Aaron Narup accepted and retained the benefit; and

***Fourth,*** Defendant Aaron Narup was thereby unjustly enriched.

Non-MAI; *See Manfield v. Auditorium Bar & Grill Inc.*, 965 S.W.2d 262 (Mo. App. W.D. 1998).

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

If you find in favor of Plaintiff PH Financial Services, LLC on its claim for unjust enrichment, then you must award Plaintiff the amount by which you believe Defendant Aaron Narup was unjustly enriched.

MAI 4.01 (modified)

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

Your verdict must be for Plaintiff and against Defendant Stephen Reuter on the claim of unjust enrichment if you believe:

***First,*** Plaintiff conferred a benefit on Defendant Stephen Reuter by giving Defendant Stephen Reuter access to its customized QFund software, access to its QFund 10 upgrade, and access to its Business Plan and Model; and

***Second,*** Defendant Stephen Reuter acknowledged or recognized that a benefit was conferred; and

***Third,*** Defendant Stephen Reuter accepted and retained the benefit; and

***Fourth,*** Defendant Stephen Reuter was thereby unjustly enriched.

Non-MAI; *See Manfield v. Auditorium Bar & Grill Inc.*, 965 S.W.2d 262 (Mo. App. W.D. 1998).

## PROPOSED JURY INSTRUCTION NO. __

If you find in favor of Plaintiff PH Financial Services, LLC on its claim for unjust enrichment, then you must award Plaintiff the amount by which you believe Defendant Stephen Reuter was unjustly enriched.

MAI 4.01 (modified)

## **PROPOSED JURY INSTRUCTION NO. __**

Your verdict must be for Plaintiff and against Defendant Christine Reuter on the claim of unjust enrichment if you believe:

***First,*** Plaintiff conferred a benefit on Defendant Christine Reuter by giving Defendant Christine Reuter access to its customized QFund software, access to its QFund 10 upgrade, and access to its Business Plan and Model; and

***Second,*** Defendant Christine Reuter acknowledged or recognized that a benefit was conferred; and

***Third,*** Defendant Christine Reuter accepted and retained the benefit; and

***Fourth,*** Defendant Christine Reuter was thereby unjustly enriched.

Non-MAI; *See Manfield v. Auditorium Bar & Grill Inc.*, 965 S.W.2d 262 (Mo. App. W.D. 1998).

### PROPOSED JURY INSTRUCTION NO. \_\_

If you find in favor of Plaintiff PH Financial Services, LLC on its claim for unjust enrichment, then you must award Plaintiff the amount by which you believe Defendant Christine Reuter was unjustly enriched.

MAI 4.01 (modified)

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

Your verdict must be for Plaintiff and against Defendant American Credit Services, LLC on the claim of unjust enrichment if you believe:

***First,*** Plaintiff conferred a benefit on Defendant American Credit Services, LLC by giving Defendant American Credit Services, LLC access to its customized QFund software, access to its QFund 10 upgrade, and access to its Business Plan and Model; and

***Second,*** Defendant American Credit Services, LLC acknowledged or recognized that a benefit was conferred; and

***Third,*** Defendant American Credit Services, LLC accepted and retained the benefit; and

***Fourth,*** Defendant American Credit Services, LLC was thereby unjustly enriched.

Non-MAI; *See Manfield v. Auditorium Bar & Grill Inc.*, 965 S.W.2d 262 (Mo. App. W.D. 1998).

## **PROPOSED JURY INSTRUCTION NO. __**

If you find in favor of Plaintiff PH Financial Services, LLC on its claim for unjust enrichment, then you must award Plaintiff the amount by which you believe Defendant American Credit Services, LLC was unjustly enriched.

MAI 4.01 (modified)

## **PROPOSED JURY INSTRUCTION NO. __**

Your verdict must be for Plaintiff and against Defendant American Credit Services Management, LLC on the claim of unjust enrichment if you believe:

***First,*** Plaintiff conferred a benefit on Defendant American Credit Services Management, LLC by giving Defendant American Credit Services Management, LLC access to its customized QFund software, access to its QFund 10 upgrade, and access to its Business Plan and Model; and

***Second,*** Defendant American Credit Services Management, LLC acknowledged or recognized that a benefit was conferred; and

***Third,*** Defendant American Credit Services Management, LLC accepted and retained the benefit; and

***Fourth,*** Defendant American Credit Services Management, LLC was thereby unjustly enriched.

Non-MAI; *See Manfield v. Auditorium Bar & Grill Inc.*, 965 S.W.2d 262 (Mo. App. W.D. 1998).

**<u>PROPOSED JURY INSTRUCTION NO. __</u>**

If you find in favor of Plaintiff PH Financial Services, LLC on its claim for unjust enrichment, then you must award Plaintiff the amount by which you believe Defendant American Credit Services Management, LLC was unjustly enriched.

MAI 4.01 (modified)

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

Your verdict must be for Plaintiff and against Defendant American Credit Services Management II, LLC on the claim of unjust enrichment if you believe:

***First,*** Plaintiff conferred a benefit on Defendant American Credit Services Management II, LLC by giving Defendant American Credit Services Management II, LLC access to its customized QFund software, access to its QFund 10 upgrade, and access to its Business Plan and Model; and

***Second,*** Defendant American Credit Services Management II, LLC acknowledged or recognized that a benefit was conferred; and

***Third,*** Defendant American Credit Services Management II, LLC accepted and retained the benefit; and

***Fourth,*** Defendant American Credit Services Management II, LLC was thereby unjustly enriched.

Non-MAI; *See Manfield v. Auditorium Bar & Grill Inc.*, 965 S.W.2d 262 (Mo. App. W.D. 1998).

## PROPOSED JURY INSTRUCTION NO. __

If you find in favor of Plaintiff PH Financial Services, LLC on its claim for unjust enrichment, then you must award Plaintiff the amount by which you believe Defendant American Credit Services Management II, LLC was unjustly enriched.

MAI 4.01 (modified)

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

Your verdict must be for Plaintiff and against Defendant RN Financial, LLC on the claim of unjust enrichment if you believe:

***First,*** Plaintiff conferred a benefit on Defendant RN Financial, LLC by giving Defendant RN Financial, LLC access to its customized QFund software, access to its QFund 10 upgrade, and access to its Business Plan and Model; and

***Second,*** Defendant RN Financial, LLC acknowledged or recognized that a benefit was conferred; and

***Third,*** Defendant RN Financial, LLC accepted and retained the benefit; and

***Fourth,*** Defendant RN Financial, LLC was thereby unjustly enriched.

Non-MAI; *See Manfield v. Auditorium Bar & Grill Inc.*, 965 S.W.2d 262 (Mo. App. W.D. 1998).

## **PROPOSED JURY INSTRUCTION NO. \_\_**

If you find in favor of Plaintiff PH Financial Services, LLC on its claim for unjust enrichment, then you must award Plaintiff the amount by which you believe Defendant RN Financial, LLC was unjustly enriched.

MAI 4.01 (modified)

# General Instruction on Reading Generic Instructions in Packet

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

Up to this point, I have read you instructions for each claim filed by each plaintiff against each defendant. I am now about to read you the instructions for the claims for misappropriation of trade secrets and civil conspiracy. These claims involve claims by each of the ten plaintiffs against each of the seven defendants, or 70 claims in all. These are not group claims. You must decide individually each of the plaintiff's claims against each of the defendants. Each set of instructions and verdict forms for the misappropriation of trade secrets claims will be identical to all of the other sets except that the name of the plaintiff and defendant will change. The same is true for the instructions and verdict forms for the civil conspiracy claims. The instructions and forms are identical, but the names of the plaintiff and defendant will change for each form.

When you receive the instructions for the misappropriation of trade secrets claim and the civil conspiracy claim, those instructions will be packaged together to assist you in keeping track of both the parties and the claims. Each package will contain the instructions that you need for both the misappropriation of trade secrets claim and the civil conspiracy claim. The packets will be organized and grouped by the plaintiffs' names. Because there are seven defendants for each plaintiff's claim, you will receive seven packets of instructions for each of the plaintiffs. So, for example, you will have a packet of instructions and verdict forms for the first plaintiff and defendants 1, 2, 3, 4, 5, 6, and 7. Then, you will have a packet of instructions and verdict forms for the second plaintiff and defendants 1, 2, 3, 4, 5, 6, and 7, and so on. You will receive seven different packets for each of the ten plaintiffs. You will receive a total of 70 different packets of instructions for those two claims.

To avoid having to read to you all 70 of these packets, I am now going to read to you a generic version of the instruction packet in which I will substitute the words "Plaintiff" and "Defendant" in place of the individual parties' names. When you receive the packets of instructions and verdict forms in the jury room, the names of the plaintiffs and defendants will be filled in for each packet so you will know which parties are involved in each of the claims that you must decide. You must complete each verdict form individually. You must not group claims together by claim or by party.

# Misappropriation of Trade Secrets and Conspiracy

## PROPOSED JURY INSTRUCTION \_\_\_\_

Each Plaintiff claims as one of its trade secrets a business method made up of multiple components. The business method is referred to by Plaintiffs as their "Business Plan and Model" and is claimed by each Plaintiff as a trade secret consists of all of the following components:

- customizations to the QFund loan management software that were added to the base model of QFund by Plaintiffs;

- the planned upgrade of their loan management software to QFund10 to include a platform that would allow Plaintiffs' stores to write both online and in-person loans (sometimes referred to as Omni-Channel);

- customer lists, including historical customer data;

- vendor lists, including historical data related to each vendor (such as fees, discounts, and quality of the product offered);

- Standards for Loan Approval, including how Plaintiffs underwrite loans, underwriting formulas, and calculations for loans;

- business forms designed and created by Plaintiffs for use in the operation of their businesses (such as loan applications and order forms);

- marketing plans, strategies and materials;

- design graphics used on forms and business materials; and

- business policies (such as the employee handbook and Customer Privacy/ Confidentiality Policy).

## <u>PROPOSED JURY INSTRUCTION NO. __</u>

A "trade secret," as used in these instructions, means any financial, technical, business, or economic information, including plans, patterns, formulas, methods, techniques, processes, procedures (whether tangible or intangible), owned by the Plaintiff that the Plaintiff has taken reasonable measures to keep secret, where the information has independent economic value (either actual or potential) because it is not generally known to, and is not readily ascertainable through proper means by, another person who can obtain economic value from disclosure or use of the information.

Information that can be readily ascertained by reading publicly available literature or by examining publicly available products or by reference to publicly available disclosures by the owner of the information or by someone acting for the owner, does not qualify as a trade secret. Information commonly known or used in the industry also does not qualify as a trade secret.

A combination of publicly available information can be a trade secret, however, even if each individual component of information is available to the public, but only if the unified process, design, plan, or operation of the information is a unique combination that affords its owner a competitive advantage and is a protectable secret.

An employee's personal skills, talents or abilities are not trade secrets and facts and information acquired by an employee during employment can only be trade secrets if they otherwise meet the definition of a trade secret.

A Plaintiff owns a trade secret if that Plaintiff has rightful legal or equitable title to or license in the information.

The Plaintiff that owns a trade secret must take reasonable measures to protect the secrecy of the information. A Plaintiff is not required to take all conceivable steps to protect the secrecy of its trade secrets. A Plaintiff does not waive its trade secrets by disclosing them to its employees who need to know the trade secrets to perform their work. A Plaintiff also does not waive its trade secrets by disclosing them to non-employees if the Plaintiff has a business need to make the disclosure and the person or entity to whom the disclosure is made is bound by contract or otherwise to keep the trade secret confidential.

18 U.S.C. § 1836(b)(3)(B)(i)(I), (II). Under 18 U.S.C. § 1836(b)(3)(b)(ii),; *Shuttle Wagon v. Higgins,* 2020 WL 1896186 (Mo.Cir.) (Jury Instruction) (Jackson County); *Sikes v. McGraw-Edison Co*., 665 F.2d 731, 736 (5th Cir. 1982) (quoting with approval *Imperial Chems., Ltd. v. Nat'l Distillers & Chem. Corp*., 342 F.2d 737, 742 (2d Cir. 1965); *United States v. Liew*, 856 F.3d 585, 594 (9th Cir. 2017)

## PROPOSED JURY INSTRUCTION NO. ___

The law recognizes two forms of "misappropriation of a trade secret." The first is where a person acquires the trade secret knowing or having reason to know that improper means were used to acquire the trade secret. The second is where a person discloses or uses the trade secret without consent.

"Improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means. It does not include independent derivation or any other lawful means of acquisition of the information.

A person discloses or uses a trade secret without consent if they (1) disclose or use the trade secret without the express or implied consent of the owner of the trade secret or someone acting on behalf of the owner, and (2) either:

(a)     Used improper means to acquire their knowledge of the trade secret, or

(b)     At the time that they disclosed or used the trade secret, knew or had reason to know that their knowledge of the trade secret was from a person who had used improper means to acquire knowledge of the trade secret, or

(c)     At the time that they disclosed or used the trade secret, knew or had reason to know that their knowledge of the trade secret was from a person who had a duty to keep the trade secret confidential but failed to do so.

18 U.S.C. § 1836(b)(3)(B)(i)(I), (II). Under 18 U.S.C. § 1836(b)(3)(b)(ii),; *Shuttle Wagon v. Higgins,* 2020 WL 1896186 (Mo.Cir.) (Jury Instruction) (Jackson County).

## PROPOSED GENERIC INSTRUCTION NO. __

## GENERIC INSTRUCTION PACKETS

Instructions _____ through _____, and General Instructions _____ through _____ apply to the claims of each plaintiff against each defendant for misappropriation of trade secrets and civil conspiracy.

You will use the Verdict Forms included in the instructions you will take with you to the jury room to return your verdicts on these claims.

## **PROPOSED GENERIC INSTRUCTION NO. ____**

Your verdict must be for Plaintiff against Defendant on Plaintiff's claim for misappropriation of a trade secret if you believe:

*First,* plaintiff owns the Business Plan and Model described in Instruction No. ____, and

*Second,* the Business Plan and Model is a trade secret as described in Instruction No. ____, and

*Third,* plaintiff took reasonable measures to protect the secrecy of the Business Plan and Model, and

*Fourth,* Defendant misappropriated the Business Plan and Model as described in Instruction No. ____, and

*Fifth,* plaintiff was thereby damaged.

## <u>PROPOSED GENERIC INSTRUCTION NO. ____</u>

Your verdict must be for Plaintiff against Defendant on plaintiff's claim for misappropriation of a trade secret if you believe:

**First,** plaintiff owns its customized version of QFund loan management software, and

**Second,** its customized version of QFund is a trade secret as described in Instruction No. ____, and

**Third,** plaintiff took reasonable measures to protect the secrecy of its customized version of QFund, and

**Fourth,** Defendant misappropriated the customized version of QFund as described in Instruction No. ____, and

**Fifth,** plaintiff was thereby damaged.

## **PROPOSED GENERIC INSTRUCTION NO. ___**

The law allows the owner of a trade secret to recover the actual losses caused by the misappropriation of the trade secret, plus any unjust enrichment enjoyed by the misappropriating defendant in excess of the plaintiff's actual losses. The burden is upon the plaintiff to prove by the greater weight of the evidence both the fact of its actual losses and the amount of its actual losses, as well as both the fact of defendant's unjust enrichment and the amount of any unjust enrichment claimed against Defendant.

In this case, plaintiff is alleging that it had actual losses in the form of lost profits from their inability to make additional loans that it would have made but for the defendant Aaron Narup's misappropriation of one or more of its trade secrets, which are alleged by plaintiff to be its Business Plan and Model and its customized version of QFund software. If you found that defendant misappropriated either its Business Plan and Model or its customized version of QFund software or both, then you must award an amount in damages to compensate for plaintiff's actual losses.

Lost profits equal the amount of additional revenue the plaintiff would have earned but for the misappropriation less the amount of additional expenses that the plaintiff would have incurred to earn that additional revenue. If you find that the plaintiff would not have earned additional revenue, or if you find that the additional expenses would have been greater than the additional revenue, then the plaintiff's actual loss will be zero.

Similarly, for unjust enrichment, the amount of unjust enrichment equals the amount of additional revenue defendant earned as a direct result of his misappropriation of the plaintiff's trade secret less the amount of additional expense that defendant incurred to earn that additional revenue. If you find that defendant did not earn additional revenue as a direct result of its misappropriation of the plaintiff's trade secret, or if you find that the additional expense incurred by the defendant in earning that additional revenue was greater than the additional revenue, then the amount of the defendant's unjust enrichment was zero.

Plaintiff has a duty to "mitigate" its damages — that is, to exercise reasonable diligence under the circumstances to minimize its damages. Therefore, if you find that plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to it, you must reduce its

damages by the amount it reasonably could have avoided if it had sought out or taken advantage of such an opportunity.

## **PROPOSED GENERIC INSTRUCTION NO. __**

     The law allows for an award of punitive damages if you believe by clear and convincing evidence that the conduct of defendant in misappropriating the plaintiff's trade secret was outrageous because of defendant's evil motive or reckless indifference to the rights of others. If you find in favor of the plaintiff on its claim for misappropriation of trade secrets, then in addition to any damages to which you find the plaintiff is entitled, you may also find that plaintiff is entitled to an additional amount as punitive damages in order to punish defendant and to deter defendant and others from like conduct.

Mo. Rev. Stat. § 510.261.

## <u>PROPOSED GENERIC INSTRUCTION NO. __</u>

Your verdict must be for Plaintiff on its claim of civil conspiracy against Defendant if you believe:

***First,*** Defendant agreed with Defendants _____

_____

_____ *(write the name or names of the defendant or defendants with whom Defendant agreed or write "none")* to facilitate or encourage either Defendant Stephen Reuter or Defendant Aaron Narup to misappropriate Plaintiff's trade secrets; and

***Second,*** you found Defendant Stephen Reuter or Defendant Aaron Narup liable for damages to plaintiff for any of the above acts; and

***Third,*** Defendant's act or acts in furtherance of his agreement with the other Defendants caused or directly contributed to cause damage to plaintiff.

## **<u>PROPOSED GENERIC INSTRUCTION NO. ___</u>**

If you find in favor of plaintiff on its claim of civil conspiracy against defendant, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained as a direct result of defendant's conduct. If you find that plaintiff failed to mitigate damages, in determining plaintiff's total damages you must not include those damages that would not have occurred without such failure.

MAI 4.01

## <u>PROPOSED GENERIC INSTRUCTION NO. __</u>

If you find in favor of the plaintiff on its civil conspiracy claim, and if you believe the conduct of defendant as submitted in Instruction Number __ was outrageous because of defendant's evil motive or reckless indifference to the rights of others, then in addition to any damages to which you find plaintiff is entitled under Instruction Number __, you may find that plaintiff is entitled to an additional amount as punitive damages in order to punish defendant and to deter the defendant and others from like conduct.