IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PINEBROOK HOLDINGS, LLC, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) )   Case No. 19-cv-1562 |
| AARON NARUP, *et al.*, | ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

All defendants are entitled to judgment as a matter of law against plaintiffs Pinebrook Holdings, LLC, Danridge Holdings, LLC, St. Louis Financial Group, LLC, West Coast Premier Financial, LLC, Los Angeles Financial Group, LLC, Louisiana Financial Group, LLC, California Financial Group, LLC, Pacific Cash Advance, LLC, and Flexible Finance of Wisconsin, LLC — that is, against all plaintiffs except PH Financial Services, LLC — on their respective claims for misappropriation of trade secrets and for civil conspiracy.

This motion is filed under Rul 50 of the Federal Rules of Civil Procedure, which authorizes a motion for judgment as a matter of law to be filed "at any time before the case is submitted to the jury." Rule 50(a)(2).

The stipulated verdict directors for the misappropriation of trade secret claims sets forth the applicable law and requires each plaintiff to prove, among other elements, the following element to establish their Business Plan and Model trade

1

secret claim: "*First*, plaintiff owns the Business Plan and Model described in Instruction No. \_\_\_ …" Similarly, for their QFund trade secret claims, each plaintiff is required to prove: "*First*, plaintiff owns its customized version of QFund loan management software …"

The stipulated verdict directors for the civil conspiracy claims require each plaintiff to prove the following element, among others, to establish their claim: "First, Defendant [name] agreed with Defendants _____ (write the name or names of the defendant or defendants with whom Defendant agreed or write 'none') to facilitate or encourage either Defendant Stephen Reuter or Defendant Aaron Narup to misappropriate **Plaintiff's trade secrets** …" (emphasis added).

Thus, each of these claims and all of the applicable verdict-directing instructions **require the plaintiff asserting the claim to own the trade secret** at issue, whether it is the Business Plan and Model or the customized version of the QFund software.

Brian Stoltz, the Chief Operating Officer of PH Financial Services and the case representative of all of the plaintiffs in this lawsuit, testified during his direct examination that none of the plaintiffs other than PH Financial Services owned either claimed trade secret. The relevant testimony was given at approximately 4 p.m. on January 16, 2023.

In this testimony, Stoltz first answered plaintiffs' counsel's question about who owned the Business Plan and Model claimed by plaintiffs as one of their two alleged trade secrets: "PH Financial Services is the sole owner of the business plan and model,"

2

Stoltz testified. Then, in response to plaintiffs' counsel's next question, asking who owned the customizations of the QFund software also claimed as a trade secret, Stoltz testified: "PH Financial Services is the sole owner."[1]

Stoltz's testimony stating that PH Financial Services had sole ownership of the two claimed trade secrets was not a casual statement but clear and deliberate, given in what was evidently a prepared and intentional direct examination. After Stoltz gave his testimony about the ownership of the purported trade secrets, plaintiffs' counsel moved on to their next topic, that of Stoltz's damages model. Stoltz's testimony about the ownership of the alleged trade secrets was complete.

Stoltz's testimony qualifies as a judicial admission. As such it leaves no question of fact for the jury to decide about the ownership of the alleged trade secrets. And because Stoltz is the representative in this case of each and every plaintiff, his testimony that *only* PH Financial Services owns either of the purported trade secrets binds all of them and means that all of the plaintiffs (except PH Financial Services) have testified themselves out of court on both their trade secrets and civil conspiracy claims.

"A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. … [I]t has the effect of withdrawing a fact from contention." *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). A judicial admission "releas[es] the opponent from proof of fact." *Id*. In contrast, an evidentiary admission, such as an out of court statement against

---

[1] Both quotes are as transcribed by the undersigned lawyer for defendants. The undersigned, however, is not a court reporter.

interest, is "merely a statement of assertion or concession made for some independent purpose." *Id.* at 476-77 (quoting *McNamara v. Miller*, 269 F.2d 511, 515 (D.C. Cir. 1959)). A party may attempt to contradict and explain an evidentiary admission, but a judicial admission is binding absent leave to withdraw it. *Id.* at 477. "A judicial admission is conclusive, unless the court allows it to be withdrawn." *Gonzalez v. Barr*, 929 F.3d 595, 597 (8th Cir. 2019).

A judicial admission includes the testimony of a party under oath at trial. *See Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (plaintiff's testimony that no case was pending against him in state court was a judicial admission conclusive upon him). "This reflects the fact that in modern litigation a party is bound by the party's own testimony, but not by the testimony of the party's witnesses." *Brandt v. Pelican*, 856 S.W.2d 658, 664 (Mo. 1993). "[T]o have the force of a judicial admission, the testimony relied on … must be clear and unequivocal." *Daly v. Schaefer*, 331 S.W.2d 150, 155 (Mo. App. 1960), citing 32 C.J.S., Evidence, § 1040, p. 1112. "General rules that … a party's own testimony may have the effect of a judicial admission to preclude him from disputing it, are subject to the qualification that before the rules are applicable the testimony must relate to absolute facts stated clearly and unequivocally." *State ex rel. State Highway Com. v. Daigh*, 464 S.W.2d 524, 527 (Mo. App. 1971) (citations omitted).

> The Missouri Supreme Court explained in a similar context:
>> It is a generally accepted rule in this State that a verdict may not be directed in favor of the proponent, that is the party upon whom the law casts the final burden of proof.

> There is, however, a well-recognized exception to the rule. If the opponent, that is the party not having the burden of proof, **admits either in his pleadings or by counsel in open court or in his individual testimony on the trial** the truth of the basic facts upon which the claim of the proponent rests, **a verdict may be directed against him This is upon the theory that there is no question of fact left in the case and that upon the questions of law involved the jury has no right to pass**.

*Brandt, supra*, quoting *Coleman v. Jackson County*, 160 S.W.2d 691, 693 (Mo. 1942) (emphasis added).

Rule 50 of the Federal Rules of Civil Procedure provides (emphasis added):

> (a) Judgment as a Matter of Law.
>
> (1) *In General*. If a party has been fully heard on an issue during a jury trial **and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue**, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> (2) *Motion*. **A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury.** The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

The foregoing motion demonstrates that no reasonable jury would have a legally sufficient basis to find for the plaintiffs, other than PH Financial Services, on their claims for misappropriation of trade secrets or for civil conspiracy because of their judicial admission that they do not own either of the alleged trade secrets at issue.

5

Since ownership of the trade secret is an essential element of the claim, judgment as a matter of law on these claims at this time is proper under the law and Rule 50(a).

## CONCLUSION

The court should grant defendants judgment as a matter of law on the claims of plaintiffs Pinebrook Holdings, LLC, Danridge Holdings, LLC, St. Louis Financial Group, LLC, West Coast Premier Financial, LLC, Los Angeles Financial Group, LLC, Louisiana Financial Group, LLC, California Financial Group, LLC, Pacific Cash Advance, LLC, and Flexible Finance of Wisconsin, LLC, for misappropriation of trade secrets and civil conspiracy.

Since the misappropriation of trade secrets and civil conspiracy claims are the only claims asserted by these plaintiffs, the court should also instruct the jury to disregard any evidence they have heard about any claims by these plaintiffs.

                                                JACOBSON PRESS P.C.

By:   /s/ Joe D. Jacobson
       Joe D. Jacobson #33715 MO
       Matthew B. Vianello #63303 MO
       222 South Central Ave., Suite 550
       Clayton, Missouri 63105
       Tel: (314) 899-9789
       Direct: (314) 899-9790
       Fax: (314) 899-0282
       Jacobson@ArchCityLawyers.com
       Vianello@ArchCityLawyers.com

       Attorneys for defendants, counterclaimants, and third-party plaintiffs Narup and Reuter

## CERTIFICATE OF SERVICE

The filing attorney certifies that on January 18, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic case filing system upon all participants in the Court's electronic case filing system.