IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PINEBROOK HOLDINGS, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 19-cv-1562 |
| AARON NARUP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO ENTER JUDGMENT FOR DEFENDANTS
ON ALL ZERO DAMAGE VERDICTS**

On the majority of the verdicts rendered by the jury, the jury found the claim in favor of the plaintiff and assessed the damages of the plaintiff as zero. For each of these claims, that is, for every claim in which a plaintiff's damages were assessed as zero, the court should enter judgment in favor of the defendant and against the plaintiff.

The verdicts to which this motion does *not* apply are: Verdict B, on the claims of PH Financial Services for breach of contract, which found actual damages of $7,020 against Aaron Narup and actual damages of $5,220 against Stephen Reuter; Verdict E, on the claims of Pinebrook Holdings for misappropriation of trade secrets, which found in favor of Holdings against all defendants for actual damages of $999.95; Verdict O, on the claim of Pinebrook Holdings against all defendants for civil conspiracy, which found all defendants jointly and severally liable for actual damages of $142.85; and Verdict Y, on PH Financial Services's claim for unjust enrichment, in which the jury found against plaintiff.

The law is clear in both the Eighth Circuit and in Missouri that when a claim asserts unliquidated damages, a jury verdict finding liability and no damages is a verdict that requires entry of judgment in favor of the defendant. *Dairy Farmers of Am., Inc. v. Travelers Ins. Co.*, 391 F.3d 936 (8th Cir. 2004) (affirming judgment for defendant where jury verdicts found liability and zero damages); *Haley v. Byers Transp. Co.*, 394 S.W.2d 412 (Mo. 1965) (reversing and remanding for entry of judgment in favor of defendant where jury's initial verdict found liability and zero damages in a tort case with unliquidated damages); *cf. Campbell v. Kelley*, 719 S.W.2d 769 (Mo. 1986) (distinguishing *Haley* in a breach of contract case with liquidated damages, holding that once the jury found liability for breach of contract, a finding of zero damages was inconsistent because the amount of damages follows as a matter of law; reversing and remanding for entry of judgment in favor of plaintiff for damages in an amount to be calculated by the trial court).

*Haley* is particularly instructive. In *Haley*, the jury initially returned a verdict finding the issues in favor of the plaintiff and assessing plaintiff's damages at zero. Plaintiff protested the verdict, asserting it was inconsistent and "not a legal verdict." The trial court, persuaded, sent the jury back to deliberate again, stating:

> Ladies and gentlemen, a question has been raised here, and I think properly, that you should read Instruction No. 9 again in regard to your verdict as to the form of the verdict, so I suggest you go back and consider the Instruction No. 9 in regard to this case, and all of the instructions, of course, you are to consider. I must send you back, I'm sorry.

*Haley*, 394 S.W.2d at 415.

The *Haley* jury then deliberated for an additional period and came back with a second verdict finding liability and assessing damages at $20,000. The trial court entered judgment for the plaintiff for $20,000. Defendant appealed. *Id.*

In *Haley* the jury was instructed that in assessing damages, they were to subtract from the damages they found the sum of $80,000, representing the amount paid to the plaintiff on its claims by other defendants. *Id.* Similarly, here, the jury was instructed on all claims that they were to subtract from the damages they found the damages resulting from the plaintiff's failure to mitigate. *See, e.g,. Instruction No. 18* (damages, duty of loyalty); *Instruction No. 32* (damages, tortious interference); *Instruction No. 94* (damages, misappropriation of trade secrets); and *Instruction No. 97* (damages, civil conspiracy).

The Missouri Supreme Court in *Haley* analyzed the verdict issue as follows:

> It is the position of respondent that the verdict finding the issues for plaintiff and assessing his damages at zero dollars is inconsistent and self-contradictory. The recent decision of the Springfield Court of Appeals in the case of *Boone v. Richardson*, Mo. App., 388 S.W.2d 68, is cited in support of that position. In that case the plaintiff sought recovery for personal injuries. The jury's verdict found the issues for plaintiff and assessed her damages "at the sum of $ 0." The Court of Appeals held this verdict inconsistent and self-contradictory and remanded the case for a new trial. There are two lines of authority in cases such as the *Boone* case wherein recovery for an unliquidated amount is sought. **The Federal Courts and some state jurisdictions treat such a verdict as in effect a verdict for the defendant and enter judgment accordingly.** Others reach the same result as that in the case of *Boone v. Richardson, supra*. This court has never ruled on that precise question and is not called upon to do so in this case, for the factual situations are not the same. …

3

> The first verdict returned recited that the jury found the issues for plaintiff and against both defendants. This indicated that the jury found that defendants Byers and Deem were guilty of negligence and that such negligence directly caused or contributed with conduct of Southwest Freight Lines to cause injury to plaintiff. … Having made this factual determination, it then became the duty of the jury to assess plaintiff's damages. **Unlike the *Boone* case, however, the jury was not told to fix those damages as the total injuries found to have been caused by these defendants. Instead, they were instructed to determine the total amount of plaintiff's damages and then deduct the sum of $80,000.00.** In their verdict the jury wrote that they assessed plaintiff's damages recoverable in this suit at zero dollars. Does that make the verdict inconsistent and self-contradictory? We do not think so.

*Id.* at 415-17 (emphasis added).

Here, similarly, the jury was not told to fix the damages as the total loss suffered by the plaintiff. Instead, they were instructed to determine the total amount of each plaintiff's loss and then deduct from that the amount that the plaintiff would not have lost had the plaintiff reasonably mitigated its damages. Thus, here as in Haley, the verdict was proper and the court can conclude:

> The jury made the necessary factual determinations with respect to actionable negligence and amount of damages. There were no other factual issues to determine. **If the net effect of these findings was that a judgment should be entered in favor of defendants, that was a matter of law.** The failure of the jury to so recite in its verdict was not such a deficiency as to vitiate the verdict or make it inconsistent. That can be cared for in the entry of judgment on the verdict.
>
> **The judgment on plaintiff's petition is reversed and the cause remanded with directions to enter judgment for defendants** on plaintiff's petition in accordance with this opinion.

4

*Id.* at 417.

The Missouri Supreme Court in *Campbell* made the distinction between how zero damages verdicts are handled in cases involving liquidated and unliquidated claims even more explicit:

> The verdict is sufficiently certain if it finds substantially on the question in issue. The cause of action sued upon will also affect the way in which the court resolves the inconsistency. **In suits involving unliquidated damages where the jury finds for plaintiff but does not award damages the federal courts treat the verdict as one for the defendant,** *Haley*, 394 S.W.2d at 416. **This result logically follows** in negligence claims **where unliquidated damages are an element of the cause of action.** This result does not follow in a suit on a promissory note.

*Campbell*, 719 S.W.2d at 771 (emphasis added, most citations omitted).

## CONCLUSION

The court should enter judgment in favor of defendant on every claim where the jury found the issues in favor of a plaintiff and assessed the plaintiff's damages at zero.

        JACOBSON PRESS P.C.

By: /s/ Joe D. Jacobson
Joe D. Jacobson #33715 MO
Matthew B. Vianello #63303 MO
222 South Central Ave., Suite 550
Clayton, Missouri 63105
Tel: (314) 899-9789
Direct: (314) 899-9790
Fax: (314) 899-0282
Jacobson@ArchCityLawyers.com
Vianello@ArchCityLawyers.com

Attorneys for defendants

## CERTIFICATE OF SERVICE

The filing attorney certifies that on January 28, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic case filing system upon all participants in the Court's electronic case filing system.