UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PINEBROOK HOLDINGS, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-1562-MTS |
| ) | |
| AARON NARUP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' post-trial Motions, Docs. [251] & [255], and on Plaintiffs' Motion for Attorneys' Fees and Costs, Doc. [258]. For reasons discussed herein, the Court denies all three Motions.

\* \* \* \* \* \*

On January 17, 2023, the Court held a two-week jury trial in this action. Seventeen[1] named entities and individuals made up the parties to this action. At the conclusion of trial, six causes of action were submitted to the jury by the Plaintiffs against the Defendants, totaling over 150 claims.[2] The jury returned a verdict, majority in favor of the Plaintiffs. For several of these claims, the jury assessed the damages as "zero" despite finding in favor of the Plaintiffs.

\* \* \* \* \* \*

The Court first addresses Defendants' "Motion To Enter Judgment For Defendants On All Zero Damage Verdicts." Doc. [251]. In this Motion, Defendants request the Court to enter judgment in favor of the Defendant and against the Plaintiff for every claim the jury assessed the

---

[1] The action consisted of 10 Plaintiffs and 7 Defendants.
[2] For example, in Count III for misappropriation of trade secrets under the Missouri Uniform Trade Secrets Act ("MUTSA"), Mo. Rev. Stat. § 417.450, *et seq.*, each of the 10 Plaintiffs separately sued each of the 7 Defendants, totaling 70 claims.

1

Plaintiff's damages as "zero."  In other words, Defendants asks the Court to *determine as a matter of law* that the verdicts with zero damages are really judgment in favor of Defendants.[3]  *See, e.g.*, Doc. [257] at 1 ("The point of defendants' motion is that a verdict that awards zero damages is *as a matter of law* a verdict that leads to a judgment for defendants.").  Defendants cite no Missouri case that holds a verdict in favor of a plaintiff with zero damages means, as a matter of law, judgment in favor of a defendant.  And the Court does not find the few cases Defendants cite to persuasive.[4]

The Court also finds Defendants' request wholly inconsistent with the instructions and forms *they* agreed to and submitted to the jury.  For starters, the damage instruction on the Verdict Forms specifically allow the jury to find in favor of a Plaintiff and also award zero damages.[5]  Doc. [250] at 7 (emphasis added).  Then, there is the jury instruction on mitigation of damages.  *See, e.g.*, Doc. [249] at 27 (breach of duty of loyalty mitigating instruction—"Instruction No. 22"); *see also id.* at 23, 27, 31, 34, 37, 41, 51, 55.  This instruction specifically allows the jury to reduce damages in the event the jury found a Defendant liable.  In other words, even if the jury found in favor of a Plaintiff, it could assign zero damages if, for example, the jury awarded damages and

---

[3] Notably, the parties agree that the law is clear that the verdict here—in favor of Plaintiffs with zero damages—is not a so-called "inconsistent verdict."

[4] For example, Defendants rely heavily on *Haley v. Byers Transp. Co.*, 394 S.W.2d 412 (Mo. 1965), where the jury rendered a verdict in favor of the plaintiffs but assessed zero damages.  There, the Supreme Court of Missouri concluded the trial court judge erred and should have converted the "zero" damage award to a verdict in favor of the defendant.  But in *Haley*, very notably, the jury instructions specifically required the jury to find in favor of the defendant if the amount of the award was "zero" or "none" based on a specific monetary offset. *Id.* at 414–15.  Thus, the Court in *Haley* concluded a "zero" damages award was consistent with a defense verdict because the *jury instructions required so*.  Unlike *Haley*, here, the jury instructions did not require a specific offset and did not require a finding for the Defendants in the event of no damages.  To the contrary, the jury instructions here allowed such result, as explained in this Memorandum and Order.

[5] For example, the first section on the Verdict Form for misappropriation of trade secrets asks to return a verdict for the Plaintiff or the Defendant; then, the second section covers damages and the prompt specifically reads: "For actual damages, $ _____ (stating the amount *or, if none, zero*)." Doc. [250] at 7.

then "reduced [that amount] by the amount of damages that could have been avoided if Plaintiff had taken reasonable measures to mitigate its damages." *Id.* at 27.

Next, the Court addresses Defendants' "Third Motion For Judgment As A Matter Of Law Renewed After Trial." Doc. [255]. Defendants present no new evidence, argument, or other reason justifying a different outcome than the Court's denial, Docs. [224] & [242], of Defendants' other two motions for judgment as a matter of law, Docs. [223] & [232]. Thus, for the same reasons expressed when denying the previous two motions, the Court denies Defendants' Third Motion for Judgment as a Matter of Law.

Finally, the Court addresses Plaintiffs' Motion for Attorneys' Fees and Costs. *See* Doc. [258]. The Court denies the Motion for two distinct reasons. As to costs, Plaintiffs prematurely seek costs pursuant to Federal Rule of Civil Procedure 54(d)(1) as the Court has not yet entered "final judgment" in this action. *See* L.R. 8.03 ("a party seeking an award of costs must file . . . no later than twenty-one (21) days after entry of *final judgment* by the District Court"). Therefore, the Court denies Plaintiffs' request for costs without prejudice.

As to attorneys' fees, recovery is not permitted under Missouri law. "The general rule in Missouri is that attorneys' fees are only recoverable when a statute specifically authorizes recovery or when attorneys' fees are provided for by a contract." *Schmidt v. Dart Bein, LC*, 644 S.W.3d 579, 582 (Mo. Ct. App. 2022) (quoting *Parkway Constr. Servs. v. Blackline LLC*, 573 S.W.3d 652, 666 (Mo. Ct. App. 2019)); *see also Wilson v. City of Kansas City*, 598 S.W.3d 888, 896 (Mo. banc 2020) ("Missouri courts follow the American Rule, which provides that, in the absence of statutory authorization or contractual agreement, with few exceptions, parties bear the expense of their own attorney fees." (citing *Incline Vill. Bd. of Trs. v. Edler*, 592 S.W.3d 334, 341 (Mo. banc 2019))); *Jacobson Warehouse Co. v. Schnuck Markets, Inc.*, 13 F.4th 659, 680 (8th Cir. 2021)

("[A]ttorneys' fees are only recoverable when a statute specifically authorizes recovery or when attorneys' fees are provided for by contract." (quoting *Essex Contracting, Inc. v. Jefferson Cnty.*, 277 S.W.3d 647, 657 (Mo. banc 2009))).  Plaintiffs' request for attorneys' fees is not premised on a statute or contractual agreement.  Plaintiffs actually concede this point but argue entitlement to fees on "other grounds."  Doc. [263] at 2–3; *see also* Doc. [258] at 2–3.  The Court does not find Plaintiffs' "other grounds" persuasive of showing their entitlement to attorneys' fees "in the absence of statutory authorization or contractual agreement."  *Wilson*, 598 S.W.3d at 896.  Therefore, the Court denies Plaintiffs' Motion for attorneys' fees.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion To Enter Judgment For Defendants On All Zero Damage Verdicts, Doc. [251], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Third Motion For Judgment As A Matter Of Law Renewed After Trial, Doc. [255], is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion for Attorneys' Fees and Costs, Doc. [258], is **DENIED**.

Dated this 17th day of March, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE