UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PINEBROOK HOLDINGS, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-1562-MTS |
| ) | |
| AARON NARUP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the parties' dueling motions for costs pursuant to Federal Rule of Civil Procedure 54(d). *See* Docs. [267] & [269]. For reasons discussed herein, the Court denies both parties requests for costs.

### APPLICABLE LAW

"Federal law governs an award of costs." *Dunne v. Res. Converting, LLC*, 991 F.3d 931, 941 (8th Cir. 2021). Under Federal Rule of Civil Procedure 54(d), costs "should be allowed to the prevailing party . . . ." Fed. R. Civ. P. 54(d). "What counts as prevailing for purposes of an award of costs is a question of law." *Leonard v. Sw. Bell Corp. Disability Income Plan*, 408 F.3d 528, 533 (8th Cir. 2005). A court can determine that neither party is a "prevailing party." *E. Iowa Plastics, Inc. v. PI, Inc.*, 832 F.3d 899, 907 (8th Cir. 2016) ("Where the parties achieve a dead heat, we don't see how either can be declared the 'prevailing party.'"); *see also Royal Palm Properties, LLC v. Pink Palm Properties, LLC*, 38 F.4th 1372, 1381 (11th Cir. 2022) (holding that while only one side can be the prevailing party for purposes of costs under Rule 54(d), it is not necessary for there to be a prevailing party at all).[1] If, however, the court concludes there is a

---

[1] The Court of Appeals for the Eleventh Circuit recently held that while only one side can be the prevailing party for purposes of costs under Rule 54(d), it is not necessary for there to be a prevailing party at all. *Royal Palm Properties,*

1

"prevailing party," a "district court has 'substantial discretion' when determining an award of costs to a prevailing party under [] Rule 54(d)." *Dunne*, 991 F.3d at 941 (quoting *Richmond v. Southwire Co.*, 980 F.2d 518, 520 (8th Cir. 1992)); *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) (explaining the language in Rule 54(d) "makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court"). "Within that discretionary authority, the district court may, for example, reduce or deny a request for costs 'because the prevailing party obtained only a nominal victory, or because the taxable costs of the litigation were disproportionate to the result achieved.'" *Dunne*, 991 F.3d at 941 (quoting *Richmond*, 980 F.2d at 520). The district court must explain its reasons for reducing or denying costs to the prevailing party. *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006).

## DISCUSSION

Both parties argue they are the "prevailing party" and that the other is not. But both parties greatly exaggerate their success in this case.

Plaintiffs claim they are the prevailing party due to their pre- and post- trial success. Prior to trial, the Court dismissed every claim Defendants brought against Plaintiffs and permitted all of Plaintiffs' claims (except for one) to proceed to trial. During a two-week jury trial in this action—where the ten Plaintiffs submitted to the jury six causes of action against the seven Defendants, totaling over 150 claims—the jury returned every verdict in favor of the Plaintiffs, except on a single cause of action.[2]

---

*LLC v. Pink Palm Properties, LLC*, 38 F.4th 1372, 1380 (11th Cir. 2022). In making this conclusion, the court found persuasive the Eighth Circuit opinion of *East Iowa Plastics, Inc. v. PI, Inc.*, 832 F.3d 899 (8th Cir. 2016). *Id.* at 1379–80.

[2] One of the Plaintiff's brought a claim for unjust enrichment against all the Defendants, and the jury found in favor of Defendants. Doc. [250] at 45.

2

Defendants argue they are the prevailing party because the jury awarded several of the Plaintiffs zero damages despite finding predominantly in their favor. Overall, the jury awarded just two of the ten Plaintiffs money;[3] the jury awarded eight of the Plaintiffs zero damages, despite finding in their favor. In total, the jury awarded the Plaintiffs $13,378.80, which amounted to roughly one percent of the $1,318,452.50 in actual damages Plaintiffs requested.[4] Defendants also seek "prevailing party" status based on prevailing on a single issue on summary judgment and then a single claim at trial.[5]

Under the circumstances here, Plaintiffs overall win is at best described as "nominal." *Dunne*, 991 F.3d at 941 (quoting *Richmond*, 980 F.2d at 520). But despite Plaintiffs' on-paper trial victory, Defendants still lost.[6] All but one of the 25 jury verdicts were *against* Defendants. *See* Doc. [250]. Defendants also overlook their defeat on *every* claim they brought against Plaintiffs and their failed attempt to dispose of Plaintiffs' ten claims prior to trial, s*ee Pinebrook Holdings, LLC v. Narup*, 4:19-cv-1562-MTS, 2022 WL 1773057 (E.D. Mo. June 1, 2022).

Based on the outcomes in this case, the Court denies costs based on its "substantial discretion" to do so. *See Dunne*, 991 F.3d at 941; *Richmond*, 980 F.2d at 520; *see also Williams v. Gaye*, 895 F.3d 1106, 1133 (9th Cir. 2018) (reducing costs to reflect the extent of the parties

---

[3] Plaintiff PH Financial Services, LLC prevailed on its breach of contract claim against Defendants Aaron Narup and Stephen Reuter, receiving a verdict for $12,240, and Plaintiff Pinebrook Holdings, LLC prevailed on its trade secret misappropriation and conspiracy claims against all Defendants, receiving verdicts totaling $1,138.80.

[4] Plaintiffs also asked the jury to award "anywhere between 2.6 million and 6.5 million dollars" in punitive damages. The jury awarded none. Thus, if the Court were to consider Plaintiffs' requested actual *and* punitive damages, the jury awarded Plaintiffs between 0.17% and 0.34% of Plaintiffs' requested relief.

[5] Defendants also point to Plaintiffs' voluntary dismissal of Count II. Doc. [217]. The Court does not find this argument genuine given that Plaintiffs dismissed this claim at the Court's direction during pre-trial discussions in an effort to size-down the already voluminous amount of claims submitted to the jury. Doc. [216].

[6] The Court previously rejected a similar argument made by Defendants. *See Pinebrook Holdings, LLC v. Narup*, 4:19-cv-1562-MTS, 2023 WL 2562599, at *1–2 (E.D. Mo. Mar. 17, 2023) (denying Defendants' Motion to Enter Judgment for Defendants on All Zero Damage Verdicts because "zero damages" does not equate to a judgment in favor of Defendants).

victory is proper). The "split-judgments" and disproportionate "wins" here are "not the stuff of which legal victories are made." *Royal Palm*, 38 F.4th at 1381 (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Costs, Doc. [267], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Costs, Doc. [269], is **DENIED**.

Dated this 10th day of May, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE